# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00375-CR

**George Rieck, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 390TH JUDICIAL DISTRICT
### NO. 0994046, HONORABLE JULIE H. KOCUREK, JUDGE PRESIDING

Appellant George Rieck made threats of physical violence against a parole officer following his arrest on a parole revocation warrant. Based on this evidence, a jury found appellant guilty of retaliation and assessed punishment, enhanced by a previous felony conviction, at imprisonment for eight years. *See* Tex. Penal Code Ann. § 36.06 (West Supp. 2001).

Appellant's court-appointed attorney filed a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). A copy of counsel's brief was delivered to appellant, and appellant was advised of his right to examine the appellate record and to file a pro se brief.

Appellant filed a pro se brief alleging numerous errors. Appellant asserts that the decision to revoke his parole and all subsequent proceedings, including his trial and conviction for retaliation, were themselves acts of retaliation against appellant for exercising his constitutional rights. Appellant's factual assertions, however, are not supported by evidence in the record before us.

Appellant contends the district court erred by failing to conduct a hearing on the validity of the parole revocation proceedings. The court held, and we agree, that any irregularity with regard to the revocation was not a defense to the retaliation charge, and thus the propriety of the revocation proceedings was irrelevant to this cause.

Appellant contends the indictment in this cause is fundamentally defective because the date of the alleged offense is anterior to the date of filing and because the indictment fails to allege that the offense was committed within the jurisdiction of the district court where it was filed. Both allegations are factually incorrect. The indictment was filed in the Travis County district court on August 31, 1999; the offense was alleged to have occurred in Travis County on August 17, 1999.

Appellant challenges the enhancement of punishment on several grounds. The previous conviction was for indecency with a child in Victoria County cause number 92-5-14, 789-A. The indictment and judgment of conviction were introduced in evidence. Appellant urges that the indictment fails to allege where the offense was committed and was not returned by a grand jury of the proper county. The indictment was returned by the grand jury of the 24th District Court of Victoria County and alleges that the offense took place in Victoria County. Appellant complains that the indictment does not allege an act of violence, but this is not an

2

element of the offense of indecency with a child. *See* Tex. Penal Code Ann. § 21.11 (West Supp. 2001). Finally, appellant contends the evidence does not demonstrate that the previous conviction was final before the retaliation offense was committed. The Victoria County judgment states that sentence was imposed on December 8, 1992, and there is no indication of an appeal. The offense for which appellant was convicted in the present cause was committed on or about August 17, 1999.

Finally, appellant contends he did not receive effective assistance of counsel at trial or on appeal. Appellant makes numerous factual assertions regarding counsel's failure to investigate the law and the facts, failure to prepare, and failure to consult with appellant. None of these allegations are supported by the record. Appellant also urges that trial counsel should have made various objections, none of which appear from the record to have merit.

We have reviewed the record, counsel's brief, and the pro se brief, and agree with counsel that the appeal is frivolous and without merit. The judgment of conviction is affirmed.

_____

Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Affirmed

Filed:   February 1, 2001

Do Not Publish